IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | No. 1:09cr228 |
| | ) | |
| **MICHAEL MILAN,** | ) | |
| **Defendant.** | ) | |

FILED
OCT 23 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## ORDER

The matter comes before the Court on defendant Michael Milan's motion to sever count XII of the Superseding Indictment, which charges defendant with obstruction of justice. The Superseding Indictment, dated July 23, 2009, alleges twelve total counts: Count I for conspiracy to commit wire fraud; Counts II to VI for wire fraud; Counts VII to IX for mail fraud; Counts X and XI for aggravated identity theft; and Count XII for obstruction of justice. Specifically, defendant argues (i) that Count XII was improperly joined pursuant to Rule 8(a), Fed. R. Crim. P., and (ii) that severance of Count XII is warranted for reasons of unfair prejudice pursuant to Rule 14, Fed. R. Crim. P.

A motion to sever a count of an indictment must be analyzed in two steps. First, it must be determined whether that count—here, Count XII—is properly joined under Rule 8(a), Fed. R. Crim. P., which provides that "an indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Notably, the Fourth Circuit has recognized that "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial."

*United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005). Second, even where a count is properly joined in the indictment, severance of the count may nonetheless be warranted under Rule 14, Fed. R. Crim. P., if a defendant can demonstrate that he is unfairly prejudiced by the joinder of the offenses charged in the indictment. *See United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995).

First, it is clear that joinder of Count XII is proper under Rule 8(a), Fed. R. Crim. P, because the fraud and obstruction of justice counts are logically related, and indeed, inextricably bound up together. *See United States v. Larouche*, 896 F.2d 815, 830 n.5 (4th Cir. 1990) ("We have defined 'transaction' very flexibly, as 'implying a connection of logical relationship rather than immediateness.'" (quoting *United States v. Carmichael*, 685 F.2d 903, 910 (4th Cir. 1982))). Indeed, the Fifth Circuit has explicitly held that joinder of an obstruction of justice count with an underlying fraud count is proper where, as here, evidence of defendant's allegedly fraudulent acts tends to establish motive for obstruction of justice, and concomitantly, evidence of defendant's obstruction of justice is relevant to his consciousness of guilt regarding the alleged fraudulent acts. *See United States v. Davis*, 752 F.2d 963, 971-72 (5th Cir. 1985). For this same reason, it is also clear that defendant will suffer no unfair prejudice from the joinder of these counts because evidence relating to the obstruction of justice count is relevant and would be presented in a trial on the fraudulent acts, and evidence relating to the fraudulent acts is relevant and would be presented in a trial for obstruction of justice. Thus, joinder of Count XII is both permissible and sensible, and severance of that count is neither warranted nor sensible.

Accordingly, for the reasons stated herein and from the bench, and for good cause,

It is hereby **ORDERED** that defendant's motion to sever Count XII of the Superseding

Indictment is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, VA
October 23, 2009

                                               /s/
                                  T. S. Ellis, III
                                  United States District Judge